

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
VAS ANAND,

                    Plaintiff,

          -against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, et al.,

                    Defendants.
-------------------------------------------------------X

**ORDER**
10-CV-5142 (SJF)(WDW)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUL 2 5 2013   ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

    On November 5, 2010, pro se plaintiff Vas Anand ("plaintiff") commenced this action

against defendant New York State Department of Taxation and Finance (the "Department"),

alleging, inter alia, employment discrimination in violation of federal law.  On May 2, 2011,

after the Department had served its motion to dismiss, plaintiff filed an amended complaint,

which added defendants Anthony Vano, Thomas Varghese, Gregory Wiley, Nonie Manion,

Joseph Macchio, Annmarie Dwyer, and Dennis Gillooly, in their official and individual

capacities (together with the Department, "defendants").  By order dated June 18, 2012, the

Court granted in part and denied in part defendants' motion to dismiss and granted plaintiff leave

to file a second amended complaint.  [Docket Entry No. 20].  Plaintiff filed a second amended

complaint on July 27, 2012.  [Docket Entry No. 24].  On March 21, 2013, defendants filed a

motion to dismiss the second amended complaint (the "motion").  Now before the Court is the

Report and Recommendation of Magistrate Judge William D. Wall dated May 28, 2013 (the

"Report") recommending that all claims in the second amendment complaint be dismissed except

1

for the age discrimination claim asserted pursuant to 42 U.S.C. § 1983 ("section 1983") against defendants Macchio, Varghese and Gillooly. [Docket Entry No. 35]. Plaintiff has filed objections to the Report, [Docket Entry No. 39] ("Pl. Obj."), as have defendants, [Docket Entry No. 36] ("Def. Obj."). For the reasons that follow, all objections are overruled, and the Court adopts Magistrate Judge Wall's Report in its entirety.

I.      Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits a magistrate judge to conduct proceedings of dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters to which a timely objection has been made is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). However, "when a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report strictly for clear error." Frankel v. City of N.Y., Nos. 06 Civ. 5450, 07 Civ. 3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009). The Court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept the report and recommendation of a magistrate judge on a dispositive matter to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F. Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed App'x 815 (2d Cir. Jan. 9, 2009); Baptichon v. Nevada State Bank, 304 F. Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd, 125 Fed. App'x 374 (2d Cir. Apr. 13, 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Although the objections to a report and recommendation of a <u>pro se</u> party should be accorded leniency, "even a <u>pro se</u> party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." <u>Pinkney v. Progressive Home Health Servs.</u>, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted); <u>see also</u> <u>Walker v. Vaughan</u>, 216 F. Supp.2d 290, 292 (S.D.N.Y. 2002).

II.     Discussion

   A.     Count One

Magistrate Judge Wall has recommended dismissal of plaintiff's claim that he was discriminated against on the basis of his national origin and religion in violation of Title VII because, "although [plaintiff] conclusorily claims that his national origin was a motivating factor in adverse actions taken against him and that a hostile work environment existed, not a single factual allegation in the Second Amended Complaint gives rise to an inference of discrimination or a hostile work environment based on any of the grounds covered by Title VII, even when that complaint is given the most liberal reading possible." Report at 6.  In his objection to this recommendation, plaintiff states that he "belongs to a minority religion which is less than 2 percent of India's population" and repeats his allegations of improper conduct by Macchio, including his statement that plaintiff is "a bad influence on new hires and Interns." Pl. Obj. at 1-2.

As Magistrate Judge Wall correctly noted, merely "alleging membership in protected groups is insufficient" to state a violation of Title VII, Report at 6, and plaintiff has failed to allege any connection between his national origin or religion and the adverse actions he allegedly suffered.  Magistrate Judge Wall is also correct that plaintiff's allegations, even if true, do not set

3

forth a hostile work environment claim.  Therefore, plaintiff's objection is overruled.

      B.     Count Two

Magistrate Judge Wall has recommended dismissal of plaintiff's claim that defendants violated the New York Human Rights Law by discriminating against him upon the basis of his national origin and disability because "no factual allegations in the Second Amended Complaint even suggest a plausible claim of discrimination on the basis of national origin . . . [or] disability." Report at 7.  Plaintiff's objection to this recommendation states only that he has provided evidence to defendants that he is deaf.  Pl. Obj. at 2.

Evidence of plaintiff's deafness does not remedy the absence of allegations that defendants discriminated against him upon the basis of this disability.  Therefore, plaintiff's objection is overruled.

      C.     Counts Three and Four

Magistrate Judge Wall has recommended dismissal of plaintiff's claim that defendants retaliated against him for filing an EEOC complaint in violation of Title VII and the New York Human Rights Law because (1) the conduct complained of "would not likely deter anyone from complaining about perceived violations" and therefore "do[es] not rise to the necessary level of adverse action," and (2) "nothing in the conduct complained of suggests a causal connection to the filing of the EEOC complaint, and conclusory allegations of retaliatory motive are insufficient." Report at 9-10.  In his objection to this recommendation, plaintiff only repeats the allegations in the second amended complaint.  Pl. Obj. at 2-3.[1]

---

[1]     Specifically, plaintiff alleges that the sexual harassment charges brought against him in 2009 and his transfer to Queens were retaliation for his filing of an EEOC complaint.  However, plaintiff has failed to allege facts giving rise to an inference of a causal connection between these events.

The Court agrees that the conduct complained of was not sufficiently severe to be "likely to deter victims of discrimination from complaining to the EEOC, the courts, and employers," Taylor v. N.Y.C. Dep't of Educ., No. 11-CV-3582, 2012 WL 5989874, at *9 (E.D.N.Y. Nov. 30, 2012) (quoting Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted)), and that plaintiff has failed to allege facts giving rise to an inference that there was a causal connection between the conduct complained of and plaintiff's complaints. Therefore, plaintiff's objection is overruled.

D.      Count Six

Magistrate Judge Wall has recommended dismissal of plaintiff's First Amendment retaliation claim because, inter alia, there are no allegations in the second amended complaint from which to infer a retaliatory motive on behalf of defendants. Report at 20. Plaintiff's objection fails to address the absence of allegations giving rise to an inference of a retaliatory motive and instead only repeats his original allegations. Therefore, plaintiff's objection is overruled.

E.      Count Ten

Magistrate Judge Wall has recommended dismissal of plaintiff's claim asserted pursuant to 42 U.S.C. § 1985(3) because "a complaint consisting of 'nothing more than conclusory or vague allegations of conspiracy is insufficient to survive a motion to dismiss.'" Report at 22 (quoting Vertical Broad., Inc. v. Town of Southampton, 84 F. Supp.2d 379, 389-90 (E.D.N.Y. 2000). Plaintiff's objection to this recommendation only repeats his conclusory allegations, and therefore it is overruled.

F.      Count Five

Magistrate Judge Wall has recommended the dismissal of plaintiff's section 1983 claim

alleging that he was denied a promotion in 2009 upon the basis of his age, except insofar as the claim is asserted against Macchio, Varghese and Gillooly. Report at 16-17. Magistrate Judge Wall stated that plaintiff "may 'satisfy his minimal <u>prima facie</u> burden merely by showing that Defendant knew of the applicants' age difference and treated younger applicants more favorably than Plaintiff,'" and that plaintiff satisfied this standard with respect to the individual defendants who sat on the promotion interview panel, <u>i.e.</u>, Macchio, Varghese and Gillooly. Report at 15 (quoting <u>Andretta v. Napolitano</u>, --- F. Supp.2d ---, 2013 WL 525408, at *5-6 (E.D.N.Y. Feb. 13, 2013)). Magistrate Judge Wall noted that plaintiff alleges that "Macchio, Varghese and Gillooly were on the interview panel in 2009 and that two women, of different races than Anand, and allegedly less qualified, got promotions while he didn't," [2] and that "two auditors were promised promotions while he was told he was not getting promoted . . . ." <u>Id.</u> Magistrate Judge Wall concluded that, "[a]lthough these allegations are somewhat sparse, they do, in this pro se matter, allow for an inference of age discrimination based on the 2009 promotions." <u>Id.</u> Defendants object to this recommendation, arguing that plaintiff's allegations fail to show discriminatory intent on behalf of Macchio, Varghese and Gillooly. Def. Obj. at 3-4; <u>see</u> <u>Catanzaro v. Weiden</u>, 188 F.3d 56, 64 (2d Cir. 1999) ("To prevail on an equal protection claim, '[p]roof of . . . discriminatory intent or purpose is required.'") (quoting <u>Vill. of Arlington Heights v. Metro.</u> <u>Housing Devel. Corp.</u>, 429 U.S. 252, 264-65 (1977)).

The second amended complaint only states in conclusory fashion that "plaintiff's age was a major factor in not getting the promotion." Second Am. Compl. at 10-11. However, an exhibit attached to the second amended complaint contains an allegation that plaintiff's

---

[2]     Plaintiff's allegation that the employees who were promoted were of a different national origin than him is irrelevant to this claim.

supervisors "pass[ed] over all experienced auditors over 40 year old" for the promotion and that

he had more experience and a better record than the younger auditors that were promoted.

Second Am. Compl. Ex. 14. In plaintiff's opposition to the motion,[3] he also alleges that

"Macchio and Varghese specifically asked [him] about [his] retirement plans (of which [he] had

none) and seemed to be pressuring him to retire." Id. Plaintiff states that he "was made very

uncomfortable by their inquiries which gave the distinct impression that they were trying to push

[him] out." Id.

It appears that plaintiff alleges that Macchio and Varghese asked him about his retirement

plans two (2) years prior to the promotion interview in 2009, see Second Am. Compl. at 2, ¶ 36,

and defendants are correct that the discussion of retirement plans, particularly when the

conversation is remote from the allegedly discriminatory conduct, does not constitute evidence

of discriminatory intent. See Raskin v. Wyatt Co., 125 F.3d 55, 63 (2d Cir. 1997) ("The ADEA

does not make all discussion of age taboo. Nor does the fact that Raskin's eligibility for early

retirement came up in a conversation about Raskin's qualifications for, and interest in, the office

manager position support an inference that age played a role in Wyatt's decision not to offer

Raskin the position."). However, the Court rejects defendants' argument that the promotion of

two (2) younger, less qualified auditors instead of plaintiff cannot give rise to an inference of

discriminatory intent because plaintiff was seventy-five (75) years old in 2009 and almost all of

the other employees in the Department eligible for the promotion were younger than him. Other

courts in this Circuit have held that the fact that a position was given to someone younger and

---

[3]      See Rolle v. Educ. Bus Transp., Inc., No. CV 11-3855, 2013 WL 783026, at *12
(E.D.N.Y. Feb. 12, 2013) ("Although courts generally will not accept factual allegations raised
for the first time in opposition to a motion to dismiss, some courts have construed the mandate to
read a pro se plaintiff's papers liberally as allowing for consideration of such allegations.").

less qualified may give rise to a prima facie inference of discrimination, see, e.g., Andretta, 2013 WL 525408, at *6 ("Plaintiff asserts that he, known by Defendant to be around sixty-one years old, applied for a position for which he was indisputably qualified, and was not selected when the position was instead filled by three younger individuals, ages 32, 33 and 51. These allegations are sufficient to make out a prima facie case of age discrimination.") (footnote omitted); Witkowich v. Gonzales, 541 F. Supp.2d 572, 579 (S.D.N.Y. 2008) ("At age fifty-one, he is within the protected class. He was also qualified for the position for which he applied, having been selected for the 'best qualified list' of the top seven applicants. Plaintiff did not receive the promotion he sought, and the fact that the position went to someone fourteen years younger raises an inference of discrimination.") (footnote omitted), and the Court declines to impose at the pleading stage a more stringent burden (particularly in light of plaintiff's pro se status) based upon defendants' representation that plaintiff was older than most of his colleagues. Therefore, defendants' objection is overruled.

The Court has reviewed the remainder of the Report and is satisfied that it is not facially erroneous.

III.   Conclusion

For the foregoing reasons, the objections to the Report are overruled, and the Report is adopted in its entirety as an order of the Court.  The parties are referred to Magistrate Judge Wall to conduct discovery with respect to the remaining claim.  The pretrial conference scheduled for August 5, 2013 is adjourned to September 24, 2013 at 11:15 a.m., by which time all discovery will be completed.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: July 25, 2013
       Central Islip, New York

9