UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VAS ANAND,

                Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE, *et al.*,

                Defendants.
------------------------------------------------------------X

**ORDER**
10-CV-5142 (SJF)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y
★ FEB 28 2014 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 5, 2010, *pro se* plaintiff Vas Anand ("plaintiff") commenced this action against the New York State Department of Taxation and Finance (the "Department"), alleging, *inter alia*, employment discrimination in violation of federal law. [Docket Entry No. 1]. On May 2, 2011, after the Department had served a motion to dismiss, plaintiff filed an amended complaint, which added defendants Anthony Vano ("Vano"), Thomas Varghese ("Varghese"), Gregory Wiley, Nonie Manion, Joseph Macchio ("Macchio"), Annmarie Dwyer ("Dwyer"), and Dennis Gillooly ("Gillooly"), individually and in their official capacities. [Docket Entry No. 9]. On December 29, 2011, all eight (8) defendants jointly filed a motion to dismiss. [Docket Entry No. 15]. By order dated June 18, 2012, the Court granted in part and denied in part defendants' motion to dismiss and granted plaintiff leave to file a second amended complaint. [Docket Entry No. 20]. On July 27, 2012, plaintiff filed a second amended complaint. [Docket Entry No. 24]. On March 21, 2013, defendants filed a motion to dismiss the second amended complaint.[1]

---

[1] On April 10, 2013, defendants' motion was referred to the Honorable Magistrate Judge William D. Wall. On May 28, 2013, Magistrate Judge Wall issued a report (the "Report), recommending that, *inter alia*, "all claims set forth in the Second Amended Complaint be dismissed, except for the section

[Docket Entry No. 32]. On July 25, 2013, this Court issued an order dismissing all claims in the second amended complaint, except the equal protection claim on the basis of age discrimination brought pursuant to Section 1983 against defendants Macchio, Varghese, and Gillooly (collectively, "defendants"), and referring the parties to Magistrate Judge Wall to conduct discovery. [Docket Entry No. 42]. Now before the Court is defendants' motion for summary judgment. For the reasons that follow, defendants' motion is granted.

I.  Factual Background[2]

Plaintiff, who was born in 1934, has been employed by the New York State Department of Taxation and Finance (the "Department") since 1997. (Defs.' 56.1 Stmt ¶ 1; Pl. Aff. at 1). Varghese was plaintiff's immediate supervisor from March 2005 through October 2007. (Pl.' 56.1 Stmt. ¶ 4). Macchio and Gillooly are former employees of the Department. (Defs.' 56.1 Stmt. ¶¶ 6, 8). Varghese, Macchio, and Gillooly reported to Dwyer, who in turn reported to Vano, the district audit manager. (*Id.* ¶ 7).

In 2007, plaintiff applied for a Tax Auditor 2 position and was interviewed by Vano and Dwyer, but did not receive the promotion. (*Id.* ¶¶ 9, 22).

In 2008, plaintiff was interviewed for a Tax Auditor 2 position, but no one was promoted that year. (*Id.* ¶ 10).

In May 2009, plaintiff was interviewed by Varghese, Macchio, and Gillooly for a Tax

---

1983 equal protection claim based on age against defendants Macchio, Varghese and Gillooly." [Docket Entry No. 35, at 1]. On June 10, 2013, defendants filed objections to the Report. [Docket Entry No. 36]. On July 8, 2013, plaintiff filed a "reply" to the Report. [Docket Entry No. 39]. On July 24, 2013, defendants filed a response to plaintiff's "reply." [Docket Entry No. 41].

[2]  The facts are taken from the undisputed assertions in defendants' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 ("Defs.' 56.1 Stmt"), Plaintiff's Statement to Defendant's Statement of Undisputed Material Facts Pursuant to Local Civil Rules 56.1 ("Pl. 56.1 Stmt"), plaintiff's affidavit ("Pl. Aff."), and my review of the record.

Auditor 2 position. (*Id.* ¶ 15). On June 17, 2009, Vano announced in an email that Catherine Chon ("Chon") and Crystal Ricks ("Ricks") were promoted to Tax Auditor 2 positions. (*Id.* ¶¶ 3, 16; Pl. Aff. at 3).

II. Discussion

    A. Standard of Review

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586, 129 S.Ct. 2658, 174 L.Ed.2d 490 (2009) (quotation marks and citation omitted); *see also Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating

3

the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. In order to defeat summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." *Id.* (internal quotation marks and citations omitted).

The Second Circuit has advised district courts of "the need for caution about granting summary judgment to an employer in a discrimination case where, as here, the merits turn on a dispute as to the employer's intent." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). "[Direct evidence of [an employer's] intent will only rarely be available, so . . . affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *Id.* (internal quotation marks and citation omitted). "Even in the discrimination context, however, a plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Gorzynski v. Jetblue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (citation omitted).

B.  Section 1983 Claim

Plaintiff's sole remaining claim alleges that defendants discriminated against him on the basis of age when they promoted Chon and Ricks in 2009 instead of plaintiff. This claim is brought pursuant to Section 1983 for employment discrimination on the basis of age in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. "Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (citing 42 U.S.C. § 1983). "To prevail on such a claim, section 1983 requires that the plaintiff prove, *inter*

4

*alia*, that the defendant *caused* the deprivation of his or her rights." *Taylor v. Brentwood Union Free School Dist.*, 143 F.3d 679, 686 (2d Cir. 1998) (emphasis added) (citation omitted).

1. Equal Protection Claim Based on Age Discrimination

An equal protection claim brought pursuant to Section 1983 for age-based employment discrimination[3] is analyzed under the three (3) step burden shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Kearney v. Cnty. of Rockland ex Rel Vanderhoef*, 185 F. App'x 68, 70 (2d Cir. June 12, 2006) (summary order) (holding that plaintiff's "equal protection claim pursuant to 42 U.S.C. § 1983 for age-based employment discrimination fails for the same reasons that her ADEA and NYSHRL claims fail" under *McDonnell Douglas* analysis); *Burkhardt v. Lindsay*,

---

[3] Defendants argue that plaintiff should not be able to bring an age discrimination claim under Section 1983, instead of the Age and Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA"). The Second Circuit has not ruled on whether the ADEA preempts claims for age discrimination under Section 1983. *See e.g., Butts v. NYC Housing Pres. & Dev.*, 307 F. App'x 596, 598 n.1 (2d Cir. Jan. 28, 2009) (summary order) ("We are aware of no opinion of this Court addressing whether the ADEA preempts age discrimination claims based on a violation of the Equal Protection Clause and brought under § 1983); *Piccone v. Town of Webster*, 511 F. App'x 63, 64 n.1 (2d Cir. Feb. 7, 2013) (summary order) ("It is an open question in our circuit whether the ADEA preempts age discrimination claims under Section 1983."). Other courts in this district have found that such claims are not precluded. *See e.g., Reed v. Garden City Union Free School Dist.*, No. CV 12-4195, 2013 WL 6645007, at *3 (E.D.N.Y. Dec. 16, 2013) (rejecting defendants' argument that "§ 1983 claims are preempted by the comprehensive scheme created by the ADEA"); *Weinstein v. Garden City Union Free School Dist.*, No. CV 11-2509, 2013 WL 5507153, at *20 n.3 (E.D.N.Y. Sep. 30, 2013) ("governing case law in the Second overwhelmingly holds that [section 1983 equal protection claims based on age] are cognizable"); *Pappas v. NYC Bd. of Educ.*, No. 07 Civ. 4312, 2011 WL 128509, at *1 (E.D.N.Y. Jan. 14, 2011) (internal quotation marks and citations omitted) ("the weight of authority in the Second Circuit favors the position that the ADEA does not preempt claims under § 1983 for age discrimination"). This Court follows the guidance of the Second Circuit and finds plaintiff's Section 1983 age discrimination claim is not precluded by the ADEA.

While it appeared as though the Supreme Court would resolve this question when it granted a writ of certiorari in *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012), *cert. granted*, 133 S.Ct. 1600, 185 L.Ed.2d 575 (U.S. Mar. 18, 2013) (No. 12-872), the Supreme Court dismissed the writ of certiorari as improvidently granted following oral argument. *Madigan v. Levin*, 134 S.Ct. 2, 187 L.Ed.2d 1 (U.S. Oct. 15, 2013) (No. 12-872), *cert. dismissed*, 692 F.3d 607 (7th Cir. 2012).

5

811 F. Supp. 2d 632, 651 (E.D.N.Y. 2011) (citations omitted) ("Age-based employment discrimination claims brought pursuant to § 1983 are analyzed under the three-step burden-shifting framework established by the Supreme Court in *McDonnell Douglas*.").

### a. Prima Facie Case of Age Discrimination

Under the burden shifting framework set forth in *McDonnell Douglas*, "a plaintiff bears the initial burden to establish a *prima facie* case of age discrimination." *Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 76 (2d Cir. 2005). "To do so, the plaintiff must demonstrate that: '1) he belonged to a protected class; 2) he was qualified for the position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" *Allen v. Murray-Lazarus*, 463 F. App'x 14, 16 (2d Cir. Feb. 21, 2012) (summary order) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)). "[T]he burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the prima facie stage is de minimis." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001) (internal citation and quotation marks omitted).

As this Court previously found, although plaintiff's "allegations are somewhat spare, they do, in this pro se matter, allow for an inference of age discrimination based on the 2009 promotions." Report, at 15. The Court concludes that plaintiff has satisfied the *de minimus* burden of establishing a *prima facie* case of age discrimination as required by *McDonnell Douglas*.

### b. Defendants' Legitimate and Non-Discriminatory Reasons

If a plaintiff successively establishes a *prima facie* case, "the burden shifts to the defendant, which is required to offer a legitimate, non-discriminatory rationale for its actions." *Terry*, 336 F.3d at 138 (citing *McDonnell Douglas*, 411 U.S. at 802). The employer's burden of

showing a legitimate, non-discriminatory reason for its actions is not a particularly steep hurdle. "The employer need not prove that the person promoted had superior objective qualifications or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory." *Davis v. State Univ. of N.Y.*, 802 F.2d 638, 641 (2d Cir. 1986) (citations omitted); *see also Greene v. Brentwood Union Free School Dist.*, No. 11-CV-4308, 2013 WL 4432357, at *17 (E.D.N.Y. Aug. 13, 2013) ("It is not a court's role to second-guess an employer's personnel decisions, even if foolish, so long as they are not discriminatory.").

All three (3) defendants assert that they "merely made recommendations" to Dwyer and Vano, and it was Dwyer and Vano who made the ultimate decision to promote Chon and Ricks instead of plaintiff. Def. 56.1 Stmt ¶ 11. Defendants contend that their recommendation "had nothing to do" with plaintiff's age, and have articulated legitimate, non-discriminatory reasons for their actions. *Id.* at ¶¶ 12, 23-27.

Specifically, all three (3) defendants considered the fact that unlike plaintiff, Chon was a certified public accountant. *Id.* at ¶¶ 23-25. Varghese believed that both Chon and Ricks had superior interpersonal skills and technical abilities and would be better able to handle complex matters. *Id.* at ¶ 23. Macchio recommended that Chon be promoted because she could "create sophisticated audit analysis reports through computer software programs," "had sound financial knowledge," and "was able to handle complex audits that involved extensive computer skills," while "many of plaintiff's audits involved cash businesses, for which computer skills were not as important." *Id.* at ¶ 24. Macchio considered that Ricks "had excellent communication skills with both taxpayers and [Department] employees." Macchio also thought that although neither Chon nor Ricks were employed by [the Department] for as long as plaintiff, Chon and Ricks "were both skillful teachers of junior staff personnel." *Id.* Gillooly recommended Chon because

7

Chon's immediate supervisor had spoken highly of Chon to Gillooly. *Id.* at ¶ 25. Gillooly had "first-hand knowledge of [Ricks's] performance" and considered her to be "the hardest working person he had seen during his over 30-year employment by [the Department]." *Id.* Gillooly believed that Ricks's "skills and abilities," including her "thorough[ness], conscientious[ness], and . . . computer expertise," "were superior to plaintiff's." *Id.* at ¶ 26.

    c. Pretext

"Upon the defendant's articulation of such a non-discriminatory reason for the employment action, the presumption of discrimination arising with the establishment of the prima facie case drops from the picture." *Weinstock v. Columbia University*, 224 F.3d 33, 42 (2d Cir. 2000). "[T]he burden [then] shifts back to the plaintiff to demonstrate by competent evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Patterson v. Cnty. of Oneida, N.Y.*, 375 F.3d 206, 221 (2d Cir. 2004) (citation and internal quotation marks omitted). A "reason cannot be proved to be a 'pretext for discrimination' unless it is shown *both* that the reason was false, *and* that the discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff, and if the plaintiff has failed to show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext, summary judgment dismissing the claim is appropriate." *Patterson*, 375 F.3d at 221 (citation and internal quotation marks omitted); *see also James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000) ("[O]nce the employer has proffered its nondiscriminatory reason, the employer will be entitled to summary judgment . . .

unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination.").

Because defendants have set forth legitimate, non-discriminatory reasons for recommending Chon and Ricks instead of plaintiff, the Court proceeds to the ultimate question of whether plaintiff has presented sufficient evidence from which a reasonable jury could find age discrimination. The Court holds that plaintiff has failed to present a material issue of fact on the question of whether defendants' non-discriminatory reasons are pretextual.

Plaintiff argues that his "vast experience in the field of accounting, auditing and taxation along with my exemplary record with the department for over 12 years was completely ignored by the defendants, who were simply and solely motivated by my age." Pl. Aff. 4. Plaintiff further asserts that since defendants "were concentrating on younger candidates, defendants didn't look into my qualifications and experience." *Id.* at 3. However, these conclusory allegations are insufficient to establish that defendants' proffered reasons are false and that discrimination was the real reason for defendants' actions. *See Gorzynski*, 596 F.3d at 101 (noting that in discrimination case, "plaintiff must provide more than conclusory allegations to resist a motion for summary judgment" in discrimination case).

Plaintiff contends that the "defendants mentioned in their declarations that they **believe** both Crystal Rick and Catherine Chon are better suited for the job, but never mentioned any specific skills or achievements to support the promotion over plaintiff." Pl. Aff. 3 (emphasis in original). This entirely ignores the legitimate, non-discriminatory reasons proffered by defendants. Specifically, Varghese considered Chon's and Ricks's "superior interpersonal skills and technical abilities." Def. 56.1 Stmt ¶ 23. Macchio recommended Chon because of her "sound financial knowledge" and "extensive computer skills," and considered Ricks's "excellent

communication skills." *Id.* at ¶ 24. Giloolly recommended Ricks because her "skills and abilities," including her "thorough[ness], conscientious[ness], and . . . computer expertise," "were superior to plaintiff's." *Id.* at ¶ 26. Furthermore, all three (3) defendants considered that Chon, unlike plaintiff, was a certified public accountant. *Id.* at ¶¶ 23-25.

At best, plaintiff's assertions reflect his disagreement with defendants' decisions to recommend Chon and Ricks because plaintiff believed himself to be more qualified for the promotion. For example, plaintiff argues that a "candidate, who recently passed CPA examination, can't be compared with professional accountant with over 50 years of experience in auditing, accountancy and taxation and 12 years with the DTF." Opp. at 2. This argument is simply unavailaing. Plaintiff's "subjective belief that he was more qualified is insufficient to create a genuine issue of material fact as to whether he was the target of discrimination." *Subramanian v. Prudential Sec., Inc.*, No. CV016500, 2003 WL 23340865, at *9 (E.D.N.Y. Nov. 20, 2003).

Even if plaintiff's assertion that "all of the evidence before the court reflects a very positive and exemplary performance by me over so many years," is true, it does not establish pretext. Pl. Aff. at 4. An "employer need not prove that the person promoted had superior objective qualifications or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory." *Davis*, 802 F.2d at 841. Employment discrimination law "does not make employers liable for doing stupid or even wicked things," but instead, "it makes them liable for *discriminating*." *Norton v. Sam's Club*, 145 F.3d 114, 120 (2d Cir. 1998); *see also Greene*, 2013 WL 4432357, at *17 ("It is not a court's role to second-guess an employer's personnel decisions, even if foolish, so long as they are not discriminatory."); *Flaherty v.*

10

*Massapequa Public Schools*, 752 F. Supp. 2d 286, 298 (E.D.N.Y. 2010) ("[I]t is not the Court's role to determine whether an employer acted wisely in taking an adverse action.").

Plaintiff has failed to establish that defendants' proffered legitimate, non-discriminatory reasons for recommending that Chon and Ricks be promoted instead of plaintiff were pretextual. Accordingly, defendants are entitled to summary judgment on plaintiff's Section 1983 equal protection claim on the basis of age discrimination. *See Kearney*, 185 F. App'x at 70 (affirming summary judgment where plaintiff failed to rebut evidence offered by defendants "explaining that candidates for promotion, known to committee members from their work with the candidates, were selected based on perceived superiority in one or more of six specific criteria, independent of age"); *Burkhardt*, 811 F. Supp. 2d at 653-54 (granting summary judgment to defendants on section 1983 equal protection claim where "plaintiff has failed to present sufficient evidence from which a reasonable jury could find that she was discriminated against on the basis of her age"); *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 470 (2d Cir. 2001) ("Although Plaintiffs met their *de minimis* burden of establishing a *prima facie* case of age discrimination, they have failed to produce sufficient evidence to support a rational finding that the non-discriminatory business reasons proffered by the defendant for the challenged employment actions were false.").

2. Causation

Notwithstanding that plaintiff has failed to present a material issue of fact regarding whether defendants' proffered reasons were pretextual, defendants are entitled to summary judgment because plaintiff cannot satisfy the causation element of his Section 1983 claim. Plaintiff alleges an adverse employment action based on age discrimination in violation of the Equal Protection Clause. However, defendants may only be liable under Section 1983 if they

*caused* the deprivation of plaintiff's rights. *See Taylor v. Brentwood Union Free School Dist.*, 143 F.3d 679, 686 (2d Cir. 1998).

Defendants assert that they "merely made recommendations" to Dwyer and Vano, and that it was Dwyer and Vano who made the ultimate decision to promote Chon and Ricks instead of plaintiff. Def. 56.1 ¶¶ 11. As plaintiff acknowledges, "there are no records or notes or inter office correspondence to prove" that defendants "only interviewed the plaintiff and decision to promote was made by Anthony Vano and Annmarie Dwyer." Opp. at 5. Plaintiff himself admits that "[i]n absence of documents and minutes of defendants discussion in this matter how plaintiff can know how promotions were made." Opp. at 14. Accordingly, there is no evidence upon which plaintiff may rely to create a genuine issue of material fact as to whether defendants actually made the decision to promote Chon and Ricks. *See Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) ("[T]he opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."). Therefore, defendants are entitled to summary judgment.

III.     Conclusion

For the foregoing reasons, defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 is granted. The Clerk of the Court shall enter judgment accordingly and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 28, 2014
      Central Islip, New York